RAWLS, Acting Chief Judge.
Appellant, State of Florida Department of Transportation (Department), by this appeal, challenges a judgment entered pursuant to a jury verdict in the sum of $70,-173.80 plus interest in the amount of $13,-983.48 in favor of appellee, Gilmore Plant and Bulb Company, Inc. (Gilmore).
In presenting its nine points on appeal, the Department warns us that: “Due to the complicated nature of this cause a thorough reading of the Transcript and Record is essential.” To the foregoing admonition, Gilmore responds “that although this case is complicated, it does not require a thorough reading of the transcript and record”. Apparently, neither party was of the view that this “complicated” case could be simplified by utilizing the office of oral argument, since oral argument was not requested. Responding to the Department’s admonition, additional delay in resolving this 1971-1972 contract dispute has been incurred by this court’s reading of every word of the voluminous transcript and comparatively short record. And after so reading and reviewing, we are of the view that a considerable portion of the “complicated” case resulted from the propensity of each party to exhaust, in minute, testimony from the caravan of witnesses which was not material to the issues, and which the trial judge, while valiantly attempting[1] to shorten the proceedings, generously permitted.
This suit was filed by Gilmore as a result of a beautification project in Naples, Florida, that it undertook pursuant to a contract with the Department. A major dispute arose between the parties at a point in time when Gilmore had almost completed the *976 work called for in its contract.[2] The dispute related to the organic content of a muck blanket which Gilmore installed in a lengthy median strip. After a delay of more than one month incurred by the dispute, it was discovered that the testing methods (if any) had not existed for many years. The dispute was resolved in January, 1972, by the Department’s State Construction Engineer in favor of Gilmore, who then completed the contract. The Department, after having paid Gilmore 90 percent of its contract price, offered to pay Gilmore the retainage of 10 percent if it would relinquish any further claim against the Department. Gilmore refused and sued the Department for its 10 percent retainage and additional damages. The Department counterclaimed for damages in the sum of $82,548.19, alleging deficiencies on Gilmore’s part as to organic content and installation of the muck blanket and as to over watering the entire project.
The major issue raised by the Department is that the jury’s verdict is not supported by competent substantial evidence. Having carefully read every word in the transcript, which may well be characterized as a continuing fracas between the parties’ experts and their attorneys, we have concluded that the patient and learned trial judge correctly entered the final judgment appealed.
AFFIRMED.
SMITH and ERVIN, JJ., concur.

. Typical observations of the trial judge which appear in the record are: “I’m going to object to both of you characterizing the testimony.” (TR 95) “All right, let’s get the jury back in. That will be the question and I don’t want three more just like it.” (TR 123) “Don’t lead, counsel.” (TR 574) “I’m going to let it in over the objection of counsel to be noted for the record. The jury can evaluate from the light of all testimony as to what value it has.” (TR 636).

. The facts, of course, are recited in a light most favorable to support the jury’s verdict.